ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2010 DEC -7 PM 4: 26

DUBLIN DIVISION

| | |
|---|---|
| JORGE ALBERTO RODRIGUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 310-095 |
| ) | |
| WALT WELLS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate was incarcerated at McRae Correctional Facility in McRae, Georgia, at the time he filed the current action under 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**, that this civil action be **CLOSED** and that a final judgment be **ENTERED** in favor of Respondent.[1]

I.  **BACKGROUND**

Petitioner was convicted in the United States District Court for the Northern District of Florida of Conspiracy to Import a Controlled Substance and other drug-related charges under 21 U.S.C. §§ 952-963. (Doc. no. 1, p. 3.) Petitioner was sentenced to 300 months of imprisonment. (Id.) Petitioner's conviction was affirmed on appeal by the

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the government to respond to the instant petition. 28 U.S.C. § 2243.

Eleventh Circuit, which specifically addressed the Petitioner's argument that his sentence was improperly enhanced and found that the enhancement was proper. United States v. Rodriguez, 981 F.2d 1199 (11th Cir. 1993). Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Florida, which was also denied. (Doc. no. 1, p. 3.) Petitioner later filed an application with the Eleventh Circuit requesting authorization to file a subsequent § 2255 petition in which he planned to assert that the enhancement of his sentence was invalid. United States v. Rodriguez, CR 490-4042, doc. no. 107 (N.D. Fla. Jan. 19, 2006). Once again, Petitioner was denied. Id.

In the instant petition, Petitioner asserts, as he did in his direct appeal and attempted to do in a subsequent § 2255 petition, that the enhancement of his sentence was illegal and a "miscarriage of justice." (Doc. no. 1, p. 8.) Petitioner also argues that the ruling in Gilbert v. U.S., 609 F.3d 1159 (11th Cir. 2010), *vacated*, No. 09-12513, 2010 WL 4340970 (11th Cir. Nov. 3, 2010) entitles him to relief under § 2241. (Id. at 5.)

## II. DISCUSSION

The instant petition was filed pursuant to 28 U.S.C. § 2241, which provides the means for a prisoner to challenge the execution of his sentence. Here, however, it is clear that Petitioner is attacking the validity of his sentence because he claims that the enhancement of his sentence was illegal. Therefore, the Court must consider whether relief under § 2241 is available.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive §

2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255(h) & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year statute of limitation. 28 U.S.C. § 2255(f).

In the instant case, Petitioner has attempted to circumvent these requirements by filing a petition under § 2241,[2] but a federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. § 2255(e). Under Eleventh Circuit law, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper

---

[2] It is clear that Petitioner is aware of the requirement to file an application with the Eleventh Circuit requesting certification to file an additional § 2255 petition, considering, as discussed above, that he has already done so once and was denied.

inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

Here, Petitioner is not entitled to relief because he has not satisfied the test set forth above, all three prongs of which must be met before the savings clause of § 2255 can "open the portal" to § 2241 relief. Specifically, Petitioner's argument fails to satisfy the first prong. The Gilbert case that petitioner relies upon as the crux of his argument is insufficient to invoke the savings clause of § 2255. Gilbert is an Eleventh Circuit opinion, and not a Supreme Court opinion as required in Wofford. Wofford, 177 F.3d at 1244. Furthermore, the opinion in Gilbert was later vacated for the purpose of holding a rehearing *en banc*. Gilbert v. United States, No. 09-12513, 2010 WL 4340970 (11th Cir. Nov. 3, 2010).

As Petitioner cannot satisfy the three-prong test set forth in Wofford, the savings clause does not apply. Consequently, the instant petition should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 7th day of December, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE